Maria GRESHAM, Plaintiff–Appellant,

v.

CITY OF ATLANTA, Major Perdue, official capacity, Chief George Turner, individual and official capacities, Defendants–Appellees.

No. 12–12968.

United States Court of Appeals, Eleventh Circuit.

Oct. 17, 2013.

Matthew C. Billips, Billips & Benjamin, LLP, Atlanta, GA, Shannon D. Briley Lula, GA, Jennifer L. Knight, Knight & Briley, PC, Atlanta, GA, for Plaintiff–Appellant.

Robert N. Godfrey, Tamara Nikki Baines, Kristi Matthews, Lashawn Williams Terry, Leslie L. Tucker, City of Atlanta Law Department, Atlanta, GA, for Defendants–Appellees.

Before PRYOR and ANDERSON, Circuit Judges, and RESTANI, Judge.*

PER CURIAM:

In this appeal, Plaintiff appeals the judgment of the district court granting summary judgment in favor of Defendants, the City of Atlanta and its police chief, dismissing Plaintiff's § 1983 First Amendment suit. Plaintiff claimed that the chief's failure to promote her was in retaliation for a comment she posted on Facebook criticizing another law enforcement officer of the department, Investigator Barbara Floyd. Plaintiff's Facebook comment criticized Floyd for interfering in an unethical manner with the investigation of a person Plaintiff had arrested for fraud and financial identity theft. Plaintiff's Facebook page was "set to private," but was available for viewing by an unknown number of Plaintiff's "friends," who of course could potentially distribute the comment more broadly. When alerted to the Facebook comment, the Department's Office of Professional Standards opened an investigation of Plaintiff for her alleged violation of the Department's work rule requiring that any criticism of a fellow officer "be directed only through official Department channels, to correct any deficiency, and ... not be used to the disadvantage of the reputation or operation of the Department or any employees."

While the investigation was pending, promotions for which Plaintiff would have been eligible occurred, but Plaintiff was not promoted. Plaintiff argues that she was not promoted in retaliation for her First Amendment Facebook speech. Defendants, on the other hand, argue that Plaintiff was not eligible for promotion because of the pending investigation; there was a policy not to consider candidates for promotion if they had disciplinary investigations pending against them.

The issue before us is whether a police officer can be disciplined for violating this work rule under these circumstances. The appropriate analysis is well established. Under the four-part *Pickering*[1] analysis, the court must determine whether (1) Plaintiff's speech involved a matter of public concern; (2) Plaintiff's interest in speaking outweighed the government's legitimate interest in efficient public service; and (3) the speech played a substantial part in the government's challenged employment decision. If Plaintiff establishes the foregoing, then she would prevail unless Defendants prove that (4) they would have made the same employment decision even in the absence of the protected speech. The first two prongs of the analysis are questions of law, while the latter two are questions of fact. Like the district court, we assume, *arguendo*, that Plaintiff's speech implicated a matter of public concern, and we turn to the second prong in which we balance the plaintiff's interest in speaking against the government's legitimate interest in the efficient operation of the police department.

In conducting this balancing process, the law is well established that maintaining discipline and good working relationships amongst employees is a legitimate governmental interest. *See Rankin v. McPherson*, 483 U.S. 378, 388, 107 S.Ct. 2891, 2899, 97 L.Ed.2d 315 (1987) (recognizing that whether a plaintiff's speech "impairs discipline by superiors or harmony among co-workers, [or] has a detrimental impact on close working relationships" is an important factor in the *Pickering* balance). Also, it is well established that a police

---

* Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

1. *Pickering v. Bd. of Educ.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

department is a quasi–military organization and that "comments concerning co-workers' performance of their duties and superior officers' integrity can directly interfere with the confidentiality, espirit de corps and efficient operation" of the department. *Busby v. City of Orlando,* 931 F.2d 764, 774 (11th Cir.1991) (internal quotation marks omitted).

Plaintiff's sole argument on appeal is that Defendants adduced no evidence at all of such disruption, and therefore the *Pickering* balance clearly tilts in her favor.[2] Plaintiff's argument lacks support both in the law and on the facts. The case law is clear that the government's legitimate interest in avoiding disruption does not require proof of actual disruption. As the district court noted, the Supreme Court in *Connick v. Myers* expressly held:

> When close working relationships are essential to fulfilling public responsibilities, a wide degree of deference to the employer's judgment is appropriate. Furthermore, we do not see the necessity for an employer to allow events to unfold to the extent that the disruption of the office and the destruction of working relationships is manifest before taking action.

461 U.S. 138, 151–52, 103 S.Ct. 1684, 1692, 75 L.Ed.2d 708 (1983). Rather, we have held that "the reasonable possibility of adverse harm will generally be enough to invoke the full force of judicial solicitude for a police department's internal morale and discipline." *Waters v. Chaffin,* 684 F.2d 833, 839 (11th Cir.1982).

Plaintiff is also wrong on the facts. It is undisputed that Plaintiff violated the work rule requiring criticism of the Department or fellow officers to be directed only through Department channels. If the Department's investigation thereof were deemed First Amendment retaliation, that would have a tendency to render such a rule unenforceable and would encourage employees to circumvent the Department's investigation processes, thus impeding the Department's investigations and ability to correct problems. In addition, common experience teaches that public accusations of unethical conduct against fellow officers would have a natural tendency to endanger the espirit de corps and good working relationships amongst the officers. Thus, we conclude that there is actual evidence in this record of a reasonable possibility of disruption of the legitimate interests of the Department.

We also agree with the district court that these legitimate interests of the Department outweigh Plaintiff's interest in speaking in this manner. In this regard, we note that the context of Plaintiff's speech is not one calculated to bring an issue of public concern to the attention of persons with authority to make corrections, nor was its context one of bringing the matter to the attention of the public to prompt public discussion to generate pressure for such changes. Rather, we agree with the district court that the context was more nearly one of Plaintiff's venting her frustration with her superiors. Thus, we conclude that Plaintiff's speech interest is

---

**2.** Plaintiff also vaguely suggests that there was no violation of the work rule at all because Plaintiff made several attempts to seek redress within the Department for Floyd's interference, but her efforts were unsuccessful. We agree with the district court that, notwithstanding this allegation by Plaintiff, she adduced no evidence in support thereof. Moreover, Plaintiff's Facebook comment occurred only seven days after Floyd's interference, which is insufficient time to conclude that pursuing the matter through channels as required by the work rule was futile. We readily conclude that Defendants were amply reasonable in their perception that an investigation of the apparent violation of the work rule was appropriate.

not a strong one, a factor which the Supreme Court has indicated is appropriate to consider in the balancing process. *See, e.g., Connick,* 461 U.S. at 148, 154, 103 S.Ct. at 1691, 1693–94 (striking the *Pickering* balance in favor of the government after finding that the employee's speech mainly reflected her own personal displeasure with the decisions of her superiors and that her speech interest therefore was not sufficiently strong to outweigh the government's interests). Moreover, even if Plaintiff's speech interests were somewhat stronger, we conclude that the Department's interest is considerable, and that the balance clearly tilts in favor of the Department.

Accordingly, the judgment of the district court is

AFFIRMED.